IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

No. _____

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **JURY TRIAL DEMAND** |
| KEER AMERICA CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Scott Gamble ("Gamble"), who was adversely affected by such practices. Specifically, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Keer America Corporation ("Defendant") discriminated against Gamble by terminating Gamble because of his age in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is

1

being filed in the Rock Hill Division because all or a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Rock Hill Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA. The Commission is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, a South Carolina corporation, has continuously been doing business in Indian Land, South Carolina, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than sixty days prior to the institution of this lawsuit, Gamble filed a charge with the Commission alleging that Defendant violated the ADEA.

7. On June 26, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADEA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 25, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about May 8, 2015, Defendant engaged in unlawful employment practices at its Indian Land, South Carolina facility in violation of the ADEA, 29 U.S.C. § 623(a)(1), when it discharged Gamble from his position as a Sales Leader.

13. Gamble received an offer of an employment as a Sales Leader from Defendant's then-Human Resources Generalist on or about April 18, 2015.

14. Gamble began employment with Respondent on or about April 27, 2015.

15. On or about April 29, 2015, Gamble spoke with the Human Resources Generalist who had made the offer of employment to Gamble. The Human Resources Generalist advised Gamble that around April 22, 2015, after Defendant's Plant Manager had learned Gamble's age and before Gamble began working for Defendant, the Plant Manager instructed the Human Resources Generalist to withdraw Gamble's offer of employment.

16. On information and belief, Defendant's Plant Manager instructed its Human Resources Generalist, its Administrative Assistant and/or other hiring personnel not to hire persons who were age 40 or older.

17. Defendant's Plant Manager terminated Gamble on or around May 8, 2015.

18. At the time of his termination, Gamble was 47 years old.

19. Upon information and belief, Gamble was replaced by either a male who was approximately 30 years old at the time of replacement, or a female who was approximately 30 years old at the time of replacement.

20. The effect of the practices complained of above has been to deprive Gamble of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

21. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees because they are 40 years of age or older.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age or older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, as well as an equal sum as liquidated damages, or prejudgment interest in lieu thereof, for Defendant's willful conduct toward Gamble.

D. Order Defendant to make Gamble, who was adversely affected by the unlawful employment practices described above, whole by providing the affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint. This 1st day of September, 2017.

    Respectfully submitted:

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    LYNETTE A. BARNES
    Regional Attorney
    N.C. Bar No. 19732

    YLDA MARISOL KOPKA
    Supervisory Trial Attorney
    Illinois Bar No. 6286627

    **s/ *Rachael S. Steenbergh***
    RACHAEL S. STEENBERGH
    South Carolina Federal Bar No. 10867
    Trial Attorney
    **EQUAL EMPLOYMENT**
    **OPPORTUNITY COMMISSION**
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, North Carolina 28202
    Telephone: (704) 954-6472
    Facsimile: (704) 954-6412

Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

6