IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 0:17-cv-2360-TLW-TER |
| v. | ) ) ) | |
| KEER AMERICA CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"). The Commission's complaint alleged that Defendant Keer America Corporation ("Defendant") discriminated against Gamble by terminating Gamble because of his age in violation of the ADEA.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person who is age 40 or over on the basis of age, including by failing to hire an applicant or terminating an employee because of his or her age.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under ADEA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Scott Gamble the sum of Thirty-Two Thousand Dollars ($32,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Scott Gamble. Payment shall be made within fifteen (15) business days after the Court approves this Consent Decree, and Defendant shall mail the check to Scott Gamble at an address provided by the Commission. Within ten (10) business days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Scott Gamble. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Scott Gamble may or may not incur on such payments under local, state and/or federal law.

4. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Scott Gamble any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2015-00857 and the related events that occurred thereafter, including this litigation. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Scott Gamble from "terminated"

to "voluntarily resigned." Within twenty (20) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Scott Gamble with a neutral letter of reference using the form attached hereto as Exhibit A. Within fifteen (15) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Scott Gamble at an address provided by the Commission. Scott Gamble is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Scott Gamble from a potential employer, it will provide only the information set forth in the letter of reference in response.

6. Within thirty (30) business days of the entry of this Consent Decree by the Court, Defendant shall revise, implement, and distribute its formal, written anti-discrimination policy to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including ADEA and its prohibition against discrimination based on age; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Within sixty (60) calendar days of the entry of this Consent Decree, Defendant shall make the revised policy available to each current employee via its ADP Employee Portal and send electronic notification to the employees that the policy has been revised, and require that employees complete an electronic acknowledgement of the policy.. Within ninety (90) calendar days of the entry of this decree, Defendant shall report compliance to the Commission by providing a copy of each employee acknowledgement or a list of all employees who acknowledge receipt of the policy. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees electronically via the ADP Employee Portal and shall review it with them at the time of hire.

7. During the term of this Consent Decree, Defendant shall electronically post a copy of the policy described in paragraph 6, *supra*, on its ADP Employee Portal and will maintain a link to the policy on the Portal's home page. Defendant will post the policy within sixty (60) calendar days after the Consent Decree is entered and notify the Commission that it has been posted within sixty-five (65) calendar days after the Consent Decree is entered.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and supervisors, as well as all Human Resources employees and all employees involved in making decisions regarding the hiring and/or termination of employees. Each training program shall include an explanation of the requirements of the ADEA and its prohibition against discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) calendar days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) calendar days of submission of the agenda. Within ten (10) calendar days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall

conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

- A. the identity of each employee age forty (40) or older terminated by Defendant at any time during the reporting period, including by way of identification each employee's name, last known telephone number and address, date of birth; date of hire, job title, and date of termination;

- B. for each person identified in response to paragraph 10.A, a detailed description of the reason for the termination;

- C. the names and job titles of all individuals involved in each termination decision described in 10.B. above;

- D. The identity of each individual who complained either verbally or in writing of unwelcome conduct based on age, whether verbal or physical, including conduct the individual believed to be subjected to age-based discrimination or believed to be in violation of Defendant's age discrimination policy (referenced in paragraph 6 above). The "identity" of the individual should include the individual's name, last known telephone number and address, and job title;

- E. For each complaint identified in 10.A. above, provide a description of the alleged conduct and a description of what action, if any, Defendant took in response to the report/complaint.

Defendant shall provide the social security number of an individual identified in response to 10.A. within forty-eight (48) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) calendar days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Charles Boorman at CBoorman@KEERAMERICA.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within fifteen (15) business days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

s/Terry L. Wooten
Terry L. Wooten, Senior Judge,
U.S. District Court, District of South Carolina

September 10, 2019

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **KEER AMERICA CORPORATION, Defendant** |
| JAMES L. LEE<br>Deputy General Counsel | s/ *Joan Elizabeth Winters*_____<br>JOAN ELIZABETH WINTERS<br>South Carolina Federal Bar No. 9355 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | WINTERS LAW FIRM<br>105 Main Street<br>Chester, South Carolina  29706 |
| LYNETTE A. BARNES<br>Regional Attorney | Telephone:  (803) 581-9190<br>Facsimile:  (803) 581-8243 |
| KARA GIBBON HADEN<br>Supervisory Trial Attorney | Email:  joanie@winterslawsc.com<br>**ATTORNEY FOR DEFENDANT** |

*s/ Rachael S. Steenbergh-Tideswell*_____
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

SUZANNE L. NYFELER
Senior Trial Attorney
(Admitted *Pro Hac Vice*)
Richmond Local Office
400 N. 8th Street
Richmond, Virginia 23219
Telephone:  (804) 771-2215
Facsimile:  (804) 771-2222
Email:  suzanne.nyfeler@eeoc.gov
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Scott Gamble.

Mr. Gamble was employed by Keer America Corporation, in May 2015. During his tenure with us, Mr. Gamble held the position of Sales Leader. His ending salary was $55,000 annually, plus commission and benefits.


We hope that this information about Mr. Gamble is helpful to you in considering him for employment.

Sincerely,



[Typed name of company representative]
Keer America Corporation

**EXHIBIT B**



# EMPLOYEE NOTICE

This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Keer America Corporation ("Keer America") in an employment discrimination case.

Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) disability, or genetic information. ADEA specifically prohibits discrimination based on age.

Keer America will comply with such federal law in all respects. Furthermore, Keer America will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Washington, DC  20507
> TEL:  1-800-669-4000
> TTY:  1-800-669-6820   Website:  www.eeoc.gov

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2021.